## SMITH vs. HARRATHY.

EasternDis'ct
January 1827

APPEAL from the court of the city and parish of New Orleans.

MATTHEWS, J. delivered the opinion of the court. In this suit the plaintiff claims from the defendant $381 43, on account of corn and oats, which he alleges was received by the latter from him as a part of a common stock of such articles, which was to have been furnished mutually by the parties to the present action; and to have been sold by the defendant for their joint benefit and interest. It is alleged in the petition, that he entirely failed to furnish any thing to the stock, which was to have been common; and the pleadings of the cause end in causing accounts to be submitted by both parties. On which, and the evidence in their support, the court below rendered judgment in favor of the plaintiff, for $51 26; from which the defendant appealed.

Previous to taking the appeal, an application was made by the applicant to the parish court for a new trial, which was refused on the ground of not having been made prior to the expiration of the time allowed by law.

The record shews that a new trial was not

*A new trial may be prayed for, after 3 days, if he judgment be not signed. If a party is bound to furnish an account, his adversary may use that part of it which is against him, without being compelled to admit the items in it that are in his favor.*

EasternDis't
January, 1827

SMITH
*vs*
HARRATHY.

asked, until three days after judgment had been entered upon the minutes of the court; but it was moved for before the judgment was signed by the judge. According to the provisions of the Code of Practice, three judicial days appear to have been intended as the time allowed after final judgment rendered, to move for a new trial. *See Acts* 546 and 558.

If no application be made for a new trial within that period, and the judgment be signed in pursuance of the Art. 546, it could not afterwards be legally made. But the question which arises on the state of the present case, is whether this limitation of time be a bar to any motion made for a new trial when the judgment is not actually signed. A case occurred analogous, if not similar, to that now under consideration, soon after the organization of this court, in which it became necessary to give an interpretation to the section of act of 1813, which related to the manner of making a statement of facts. The opinion therein expressed by the court, recognised the right to make such statement at any time before the actual signing of the judgment. See *T. R. p.* 201. A judgment, though entered on the minutes of the court, cannot be consi-

dered as fully complete and efficacious until it receives the signature of the judge, because this is required by law; and until it be thus completed, we are unable to see any good reason why it should not be open to a revision. Certainly none better or stronger can be stated, than might fairly be urged against a statement of facts made after the time of rendering judgment, but before its signature.

This view of the cause shews evidently that we differ in opinion with the judge *a quo*, as to the reasoning which influenced him in rejecting the application of the defendant for a new trial. But as the record contains all the grounds on which such application seems to have been based, we must proceed to examine their soundness and sufficiency to support the pretensions of the applicant.

The principal, if not the only, objection made to the correctness of the judgment of the parish court, is the rejection of $250, claimed by the appellant, as having been by him brought into the partnership, and by which the common stock or capital was increased to that amount in addition to the $616, furnished by the appellee. In support of this item of $250, as charged in the account rendered by the defend-

ant, no evidence was offered on the trial of the case in the court below. But it is now contended, that as that court made this account the basis of its judgment, it ought to have been admitted *in toto*. To this proposition on the part of the appellant, we cannot assent. It is certainly a sound general rule in relation to evidence, to be admitted on record in courts of justice, that a party to a suit cannot create testimony exclusively favorable to himself. It is difficult to imagine any circumstances in cases of open accounts, where one of the parties is legally bound to account to the other for the management and conduct of affairs in which the latter is solely interested, or in which both may be jointly, of sufficient force to form an exception to the general rule above stated. We are, however, decidedly of opinion that the present cause is not so circumstanced, as to tolerate the slightest deviation from the rule. The item of $250, standing wholly without support, either from evidence or judicial confession, was properly excluded from the account rendered by the defendant in giving judgment; and the court below decided correctly in basing its decision on the capital furnished by the plaintiff alone,

and the trading operations which took place on it, being the only matters admitted by both parties to the suit.　As the appellant was legally bound to prove the item of $250, claimed by him as a credit, on the trial of the cause in the parish court, a new trial ought not to be granted, unless upon the ground of a discovery of evidence subsequent to the trial, &c.　That he had made such discovery, the record furnishes no evidence.　From the principles assumed in this decision, it is readily perceived that the present case differs essentially from that of Wakeman, ass. of Foot, *vs.* Marquand & Paulding, recently adjudged. In that, the party who introduced the account, which the other wished to take advantage of to his prejudice, was not bound to render any account, and if admitted at all as evidence, was properly received in its totality.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.

*Lockett* for the plaintiff, *Preston* for the defendant.